UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

VANESSA GONNEY,

                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER ERIC
DILEONARDO, and POLICE OFFICERS JOHN DOES
#1-2 (names and number of whom are unknown at present),
and other unidentified members of the New York City
Police Department,

                                    Defendants.

-------------------------------------------------------------------- X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  **JAN 2 0 2011**  ★

**BROOKLYN OFFICE**

**CV 11 - 0298**

**SUMMONS ISSUED**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**MAUSKOPF, J.**
**GO, M.J.**

## PRELIMINARY STATEMENT

1.      This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  Plaintiff, while lawfully walking on the sidewalk in the vicinity of the intersection of Pitkin Avenue and Hinsdale Street, Brooklyn, New York was unlawfully arrested by New York City police officers.  Plaintiff was deprived of her constitutional and common law rights when the individually named police officer defendants unlawfully confined plaintiff, and caused the unjustifiable arrest of plaintiff.  Further, defendants maliciously prosecuted plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.      The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5.      Plaintiff Vanessa Gonney is a citizen of the United States and a resident of the County of Kings, City and State of New York.

6.      New York City Police Officer Eric Dileonardo is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

7.      Police Officer Dileonardo is being sued in his individual capacity and official capacity.

8.      New York City Police Officers John Doe #1-2 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

-2-

9.      Police Officers John Doe #1-2 are being sued in their individual and official capacities.

10.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

12.     On August 29, 2010 at approximately 11:30 p.m., plaintiff Vanessa Gonney, a 43 year old female, was lawfully walking on the sidewalk in the vicinity of the intersection of Pitkin Avenue and Hinsdale Street, Brooklyn, New York.

13.     Plaintiff Vanessa Gonney had just left her home located at 157 Belmont, Brooklyn.

- 3 -

14.     After walking for a short period of time, plaintiff approached the intersection of Pitkin Avenue and Hinsdale Street when a New York City police van pulled up next to her.

15.     Defendants Dileonardo and Police Officers John Does #1-2 exited the police van and detained plaintiff.

16.     The individually named police officer defendants detained plaintiff without reasonable suspicion or probable cause.

17.     The individually named police officer defendants asked plaintiff if she had identification on her and asked her if she had ever been arrested for prostitution.

18.     The individually named police officer defendants then proceeded to conduct a search of plaintiff's person without probable cause.

19.     Plaintiff did not commit any crime.

20.     Plaintiff was handcuffed and arrested by the individually named police officer defendants without probable cause.

21.     The individually named police officer defendants observed the violation of plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent the unjustifiable arrest of plaintiff.

22.     The individually named police officer defendants charged plaintiff with loitering for the purpose of engaging in prostitution offense.

23.     Plaintiff was put into a police van and transported to the 73rd precinct for arrest processing.

24.     Upon arrival at the 73rd precinct, plaintiff was searched by a female officer, who looked inside her bra and pants.

- 4 -

25.     Plaintiff was then handcuffed to a bench for approximately four (5) hours before she was given a Desk Appearance Ticket (DAT) and released from NYPD custody on August 30, 2010.

26.     Thereafter, plaintiff was required to return to Court on three (3) occasions before the case was dismissed by the Kings County District Attorney's Office on November 19, 2010.

27.     The false arrest, false imprisonment, and malicious prosecution of plaintiff by defendants Police Officer Dileonardo and Police Officers John Does #1-2 caused plaintiff to sustain psychological and emotional trauma.

28.     A notice of claim was timely served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and Fourteenth

## Amendment Rights

29.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length herein.

30.     Defendants Police Officer Dileonardo and Police Officers John Does #1-2, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned and criminally prosecuted without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of

the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## **SECOND CAUSE OF ACTION**

### **False Arrest and False Imprisonment**

31.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 30 with the same force and effect as if more fully set forth at length herein.

32.    The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.   Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.   In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

33.    Defendants Police Officer Dileonardo and Police Officers John Does #1-2 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

34.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

35.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

- 6 -

## THIRD CAUSE OF ACTION

### Malicious Prosecution

36.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

38.     Defendants commenced and continued a criminal proceeding against plaintiff.

39.     There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which she was prosecuted.

40.     The prosecution and criminal proceedings terminated favorably to plaintiff on November 19, 2010.

41.     Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

42.     Defendants Police Officer Dileonardo and Police Officers John Does #1-2 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

43.     The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

44.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

## Negligent Hiring, Retention, Training and Supervision

45.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

46.     The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Police Officer Dileonardo and Police Officers John Does #1-2, individuals who were unfit for the performance of police duties on August 29, 2010, at the aforementioned location.

47.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

## Failure to Intervene

48.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

50.     Defendants failed to intervene to prevent the unlawful conduct described herein.

- 8 -

51.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

52.     Defendants Police Officer Dileonardo and Police Officers John Does #1-2 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

53.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

54.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## SIXTH CAUSE OF ACTION

### Negligence

55.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56.     Defendants owed a duty of care to plaintiff.

57.     Defendants breached that duty of care by falsely arresting and maliciously prosecuting plaintiff.

58.     As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

59.     All of the foregoing occurred without any fault or provocation by plaintiff.

60.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

61.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

62.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63.     By the actions described herein, defendants Police Officer Dileonardo and Police Officers John Does #1-2, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff, Vanessa Gonney. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

64.     As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

65.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

66.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

67.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Vanessa Gonney shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a.     That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b.     That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:     New York, New York
           January 6, 2010


By:     _____
        STUART E. JACOBS
        DAVID M. HAZAN
        JACOBS & HAZAN, LLP
        Attorneys for Plaintiff
        22 Cortlandt Street, 16th Floor
        New York, NY 10007
        (212) 419-0363